UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CALVIN GENE FORD                              CIVIL ACTION NO. 17-cv-1598

VERSUS                                        JUDGE FOOTE

BRENDA JOYCE NASH                             MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction; Relevant Facts**

Calvin Gene Ford ("Plaintiff"), who is self represented, filed this civil action against Brenda Ford. The complaint was filed on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts. Plaintiff checked a box to indicate that federal question is his basis for federal court jurisdiction. In the space where the form asked for the amount in controversy, Plaintiff wrote only: "Complete fraud." The complaint next asked Plaintiff to write a short and plain statement of his claim. Plaintiff wrote only, "20 Billion."

Plaintiff attached several pages of documents to his complaint, including succession records that indicate defendant Brenda Ford was declared the sole child and heir, through a will, of Lucien Lee Ford, Jr. Ms. Ford apparently inherited several tracts of property in north Louisiana, some of which appear to be associated with the production of oil or gas. The documents include a letter from BP to Plaintiff in which BP states that Plaintiff expressed

concern about potential payment of royalties to Brenda Ford. BP responded that it did not operate or disburse payments on the properties mentioned in Plaintiff's letter.

The complaint was filed only recently, and Ms. Ford has not been served or made an appearance. The court has nonetheless reviewed the complaint and determined that further proceedings are not necessary. For the reasons that follow, it is recommended that the complaint be dismissed for lack of jurisdiction and failure to state a claim on which relief may be granted.

**Subject Matter Jurisdiction**

The court has a duty to examine the basis for subject matter jurisdiction even if no party makes a challenge. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

Plaintiff indicated on his complaint that federal question was his asserted basis of jurisdiction. Federal question jurisdiction is assessed based on the well-pleaded complaint rule, and it provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the

purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff's complaint does not make any reference to a federal statute or other federal law. A complaint need not include a specific citation of the law, but the court has carefully reviewed the complaint and attachments and does not see any colorable basis for a federal claim by Plaintiff against Ms. Ford. The court therefore lacks federal question jurisdiction.

**Failure to State a Claim**

Plaintiff does not invoke diversity jurisdiction, but he lists a Texas address, and it appears from the exhibits to the complaint that Ms. Ford may be a citizen of Louisiana. But that is not clear from the complaint. Plaintiff has not pleaded specific facts to show diversity of citizenship and that the amount in controversy exceeds $75,000, but even if it is assumed that he has established a basis for diversity jurisdiction (which he does not invoke), he has not pleaded an actionable claim under state law.

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir.2002).

The complaint form used by Plaintiff asked him to write a short and plain statement of his claim. He was instructed to state the facts that show that he is entitled to damages or other relief, to state how each defendant was involved and what each defendant did that caused Plaintiff harm or violated Plaintiff's rights, including the dates and places of their involvement or conduct. Plaintiff did not do that. Instead, he offered only the words "complete fraud" and "20 billion." There are no facts set forth in the complaint or exhibits that make out a plausible claim of any kind that would be recognized by Louisiana law or the laws of any state.

**Conclusion**

Plaintiff has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. Assuming diversity jurisdiction exists, Plaintiff has not alleged facts that would support a cause of action under Louisiana or any other state law. His bare-bones complaint does not warrant any further waste of time by the court, and it should be dismissed before Ms. Ford is served with it and forced to incur legal expense and inconvenience.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject matter jurisdiction and, in the alternative, **with prejudice** for failure to state a claim on which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of December, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge